AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

FILED
CEDAR RAPIDS HDQTRS OFFICE
NORTHERN DISTRICT OF IOWA

AUG 21 1990
WILLIAM J. KANAK, Clerk
By: _____
DEPUTY

# United States District Court

NORTHERN District of IOWA

UNITED STATES OF AMERICA
V.
DAVID JAMES FULLER

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR 90-2001

Thomas J. O'Flaherty
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) 1, 2, 6 of the Superseding Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC §841(a)(1) & 18 USC §2 | Distribution and aiding and abetting the distribution of approximately 12.40 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance | 11-14-1989 | 1 |
| 21 USC §841(a)(1) & 18 USC §2 | Distribution and aiding and abetting the distribution of approximately 5.92 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance | 11-16-1989 | 2 |

(Continued on page 2)

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) N/A, and is discharged as to such count(s).
☐ Count(s) N/A (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ 150.00, for count(s) 1, 2, 6 of the Superseding Indictment, which shall be due ☐ immediately ☒ as follows: within 14 days.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's Mailing Address:

Defendant's Residence Address:

August 13, 1990
Date of Imposition of Sentence

_(signature)_
Signature of Judicial Officer

David R. Hansen, U.S. District Judge
Name & Title of Judicial Officer

August 19, 1990
Date

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC §846 | Conspiracy to distribute methamphetamine and cocaine, a Schedule II Controlled Substances, to possess with the intent to distribute methamphetamine and cocaine, a Schedule II Controlled Substances, to attempt to distribute and possess with the intent to distribute methamphetamine and cocaine, a Schedule II Controlled Substances, to attempt to manufacture methamphetamine, a Schedule II Controlled Substance, in amounts totalling 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine and less than 500 grams of a mixture or substance containing a detectable amount of cocaine, both Schedule II Controlled Substances. | Between about 8-1989 & 1-4-1990 | 6 |

Defendant:     David James Fuller
Case Number:   CR 90-2001

Judgment—Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __240 months on each of counts 1 & 2 to be served concurrently and 262 months on count 6 to be served concurrently with the sentences on counts 1 and 2.__

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
   ☐ at _____ a.m./p.m. on _____.
   ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States marshal.
   ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: David James Fuller
Case Number: CR 90-2001

Judgment—Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☒ The defendant shall not possess a firearm or destructive device.

1. The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of his probation officer.
2. The defendant shall provide the probation officer access to any requested financial information.
3. The defendant shall participate in a program approved by the Probation Office for substance abuse to determine whether or not the defendant has reverted to the use of drugs or alcohol.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: David James Fuller  
Case Number: CR 90-2001  
Judgment—Page 5 of 7

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 34

Criminal History Category: VI

Imprisonment Range: 262 to 327 months

Supervised Release Range: ___ to ___ years  at least 3 years on counts 1 & 2; at least 4 years on count 6.

Fine Range: $ 17,500 to $ 175,000 on all counts included  with potential for a fine up to $2,000,000 under guideline sentencing.

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _____

☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): a sentence at the bottom of the guideline range clearly vindicates all the objectives of the guideline sentence.

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

ATTACHMENT TO JUDGMENT FOR DAVID FULLER – STATEMENT OF REASONS
CR 90-2001


The court determined that the career offender guideline applied to the defendant. The court also found that the quantity of controlled substances involved in the conspiracy count exceeded 100 grams of a mixture or substance containing a detectable amount of methamphetamine pursuant to 21 U.S.C. § 841(b)(1)(B)(viii), which determination meant that the maximum punishment the defendant faced on the conspiracy count was 40 years confinement. Accordingly, pursuant to U.S.S.G. § 4B1.1(B), the defendant's Offense Level was determined to be a Level 34, and his Criminal History Category a Category VI.

# FINE

The defendant shall pay a fine of $ _____. The fine includes any costs of incarceration and/or supervision.

☐ This amount is the total of the fines imposed on individual counts, as follows:

☐ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

☐ The interest requirement is waived.
☐ The interest requirement is modified as follows:

This fine plus any interest required shall be paid:
☐ in full immediately.
☐ in full not later than _____.
☐ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
☐ in installments according to the following schedule of payments:

APPROVAL AS TO FORM

The undersigned has reviewed the foregoing judgment and it is approved as to form.

The above is a true copy.
ATTEST: William J. Kanak, Clerk
By _____ Deputy Clerk

_____ Assistant United States Attorney

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.